UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALEXANDRA LUSKI, Administratrix of the
Estate of ELI LUSKI, Deceased,

                                COMPLAINT

         Plaintiff,

      -against-                   Civ. No.  17cv9392

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICERS      PLAINTIFF DEMANDS
JOHN AND JANE DOES 1-5, NEW YORK CITY   A TRIAL BY JURY
HEALTH AND HOSPITALS CORPORATION,
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION EMPLOYEES AND AGENTS
JOHN AND JANE DOES 1-5 & EMERGENCY
MEDICAL TECHNICIANS JOHN AND JANE
DOES 1-5,

         Defendants.
------------------------------------X

      Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

      1.    Plaintiff, as Administratrix of the estate of Decedent ELI LUSKI, has brought this action pursuant to 42 U.S.C. § 1983, *et seq.*, for deprivation of protected rights, including rights under the Fourteenth, Fourth, and Eighth Amendments to the U.S. Constitution, that transpired on or about April 29, 2016 through March 24, 2017, when employees and/or agents of the CITY OF NEW YORK were deliberately indifferent to Decedent's medical needs and life-threatening physical condition; failed to provide continuing and emergency medical care; acted with deliberate indifference to Decedent's life and health; failed to provide adequate medical and emergency medical care; were intentionally injurious, reckless, callous, and/or grossly negligent

in continuously failing to provide and denying the Decedent proper medical treatment and emergency medical treatment essential for the preservation of his life; and knew of and disregarded an excessive risk to Decedent's health or safety, despite awareness of facts from which the inference could be drawn that a substantial risk of serious harm to Decedent existed, and also drew such inference. Plaintiff also brings pendent state claims for negligence and wrongful death.

2. On or about April 29, 2016, Decedent ELI LUSKI ("LUSKI" or "Decedent") was arrested and charged with various nonviolent white collar crimes.

3. Thereafter, LUSKI was arraigned, bail was set, and LUSKI was turned over to the custody of the NEW YORK CITY DEPARTMENT OF CORRECTION, which by law became responsible for his continuing medical care, safety, health and well-being while he was in its custody and while he was incarcerated at the Manhattan Detention Center ("MDC") from approximately April 30, 2016 through approximately May 4, 2016 and Rikers Island Correctional Facility, Otis Bantum Correctional Center ("OBCC") from approximately May 4, 2016 until the date of his death on March 24, 2017. Despite the Defendants ongoing duty to care for city jail detainees like LUSKI, monitor and address medical needs, and provide appropriate and timely medical attention, LUSKI became another victim of the throw away city jail culture of neglect and malfeasance.

4. Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN AND JANE DOES 1-5 ("NYC DOC OFFICERS 1-5") acted with deliberate indifference in failing to properly care for the health, safety and well-being of Decedent during his detainment and incarceration at MDC and OBCC from approximately April 30, 2016 through and including March 24, 2017, particularly during the final 24 hours of his life. During such time, including in

the hours and minutes prior to his death, Decedent, and fellow detainees on Decedent's behalf, made requests to NYC DOC OFFICERS 1-5 for assistance, medical treatment, and emergency medical treatment for Decedent for apparent and life-threatening cardiovascular medical conditions. Such repeated requests for proper and timely medical treatment were ignored by Defendant NYC DOC OFFICERS 1-5, which thereby led to and hastened Decedent's death and deprived Decedent of a chance to survive.

5. During the period of Decedent's detainment and incarceration at MDC from approximately April 30, 2016 through approximately May 4, 2016 and at OBCC from approximately May 4, 2016 through and including his death on March 24, 2017, LUSKI received medical treatment provided by Defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("NYCHHC") and its employees, agents, physicians, nurses, physicians' assistants, and others, including Defendants NYCHHC EMPLOYEES AND AGENTS JOHN AND JANE DOES 1-5 ("NYCHHC EMPLOYEES AND AGENTS 1-5") and EMERGENCY MEDICAL TECHNICIANS JOHN AND JANE DOES 1-5 ("EMTs 1-5"), for chest pain, arm pain, dizziness, and other signs of congestive heart failure and pre-existing medical conditions, including high blood pressure, high cholesterol, and cardiac-related conditions.

6. However, during Decedent's incarceration, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 failed to provide Decedent with appropriate medication, an appropriate diet, medical checkups, and medical monitoring and failed to properly treat Decedent for his heart and other medical conditions. Despite Decedent's medical conditions, NYCHHC EMPLOYEES AND AGENTS 1-5 failed to monitor Decedent while he was incarcerated from April 30, 2016 until his death on March 24, 2017; failed to follow-up on and failed to medically treat Decedent for all of his medical conditions, including his heart-related conditions; failed to provide

necessary medication; failed to refer Decedent to a hospital or proper physicians; and/or misdiagnosed Decedent's life-threatening conditions and thereafter failed to provide timely emergency medical intervention and care.

7. During the final hours of LUSKI'S life, LUSKI himself, and detainees acting on his behalf, repeatedly complained about his health, his critical medical problems, intense pain, serious ailments, signs of an impending heart attack, and need for emergency medical treatment to Defendants NYC DOC OFFICERS 1-5 until the moment of his death on March 24, 2017. During the hours immediately prior to his death and until his death, LUSKI felt extreme pain and exhibited signs of being in critical condition. As LUSKI'S fellow inmates pleaded for emergency medical assistance, Defendant NYC DOC OFFICERS 1-5 failed to and refused to render or obtain prompt emergency medical assistance, which thereby led to and contributed to causing Decedent's death and deprived Decedent of an opportunity for a better outcome had proper emergency medical care been rendered in a timely manner. Additionally, once Defendants NYC DOC OFFICERS 1-5 finally alerted emergency medical assistance, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTS 1-5 failed to respond in a timely manner.

8. During the hours preceding his death, LUSKI'S physical appearance and complaints made his urgent need for medical attention obvious, yet Defendants NYC DOC OFFICERS 1-5 were deliberately indifferent to Decedent's health and life and ignored Decedent's need for emergency medical care. The evening before his death, and in the hours and minutes prior to his death, Decedent complained of pain in his chest and arm and difficulty breathing, which made his urgent need for medical attention even more obvious.

9. When LUSKI was in extremis, DOCS OFFICERS and EMTS moved at snail's

pace, exhibiting their total indifference to LUSKI'S welfare; and as LUSKI writhed in agony and was dying, and fellow detainees yelled and screamed for emergency medical assistance, Defendants refused to and failed to render assistance in a reasonable and timely manner.

10. As a result of the combined conduct and misconduct of all Defendants, the reckless disregard for the safety and life of LUSKI, failure and refusal to provide proper care for LUSKI, and failure and refusal to provide adequate medical treatment, LUSKI was caused to suffer an agonizingly painful death on or about March 24, 2017 at OBCC.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983 and the Eighth, Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

13. Prior to the commencement of this action, and within 90 days of appointment of Plaintiff ALEXANDRA LUSKI as Administratrix of Decedent's estate, Plaintiff caused Notices of Claim in writing to be served upon the Defendants CITY OF NEW YORK and NYCHHC, by delivering to and leaving the same with the New York City Comptroller's Office and NYCHHC, respectively, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of the Plaintiff and her attorneys, the nature

of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

14. On October 24, 2017, Defendants CITY OF NEW YORK and NYCHHC conducted a statutory hearing of Plaintiff, pursuant to §50-h of the General Municipal Law.

15. Over thirty days have elapsed since the service of such Notice of Claim and Defendants CITY OF NEW YORK and NYCHHC have failed to settle or adjust this matter.

16. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

17. At all relevant times, during the incidents described in the Complaint and at the time of filing the Complaint, Plaintiff was a resident of Monmouth County, New Jersey.

18. The CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant CITY OF NEW YORK acted through its employees, agents, and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

19. At all times relevant hereto, Defendant CITY OF NEW YORK owned and operated Manhattan Detention Center and the correctional facilities on Rikers Island.

20. At all times relevant hereto, Defendant CITY OF NEW YORK owned, operated, oversaw, indemnified, managed, and controlled various medical facilities and medical personnel at MDC and Rikers, including Defendant NYCHHC medical personnel working at MDC and OBCC.

21. At all times relevant hereto, the aforesaid medical facilities and medical personnel held themselves out as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes, hired doctors, surgeons, nurses, specialists, attendants, and other personnel.

22. At all times relevant hereto, Defendants NYC DOC OFFICERS 1-5 were employees acting within the scope of their employment as correction officers for THE CITY OF NEW YORK DEPARTMENT OF CORRECTION.

23. Defendant NYCHHC is a public corporate entity organized and existing under the laws of the State of New York, and/or licensed to conduct business in the State of New York.

24. At all relevant times, Defendant NYCHHC provided medical personnel, including Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5, at MDC and Rikers, under contract with or pursuant to terms agreed to with THE CITY OF NEW YORK DEPARTMENT OF CORRECTION, including the medical personnel that treated Decedent during all relevant time periods herein.

25. At all relevant times, Defendants NYCHHC EMPLOYEES AND AGENTS JOHN AND JANE DOES 1-5 and EMERGENCY MEDICAL TECHNICIANS JOHN AND JANE DOES 1-5 were employees and/or agents working within the scope of their employment as medical personnel and emergency medical technicians for NYCHHC.

### AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN AND JANE DOES 1-5

26. Plaintiff repeats and re-alleges the allegations contained in the preceding

paragraphs as if more fully set forth herein.

27. Defendants NYC DOC OFFICERS 1-5 owed a duty to LUSKI, an inmate incarcerated at MDC and on Rikers Island at OBCC, to provide him with a safe environment and adequate medical treatment, including emergency medical treatment, and to protect his health, well-being and life during the period of his confinement from on or about April 30, 2016 through and including his death on March 24, 2017.

28. During his detainment, LUSKI complained of chest pain and shortness of breath, yet he did not receive appropriate medical care, monitoring, testing, or medication to treat a potentially serious or life-threatening cardiac or cardiovascular condition.

29. During his detainment, on multiple occasions, LUSKI and inmates on LUSKI's behalf requested medical condition for LUSKI.

30. Within hours of his death, LUSKI requested medical treatment for chest pain and shortness of breath.

31. Within approximately one hour of Decedent's death, upon information and belief, Decedent collapsed and became gravely ill in the dormitory at OBCC. Inmates immediately requested emergency medical treatment for LUSKI.

32. However, Defendants NY DOC OFFICERS 1-5 failed to and refused to escort Decedent to the clinic and failed to or refused to timely request emergency medical treatment for Decedent.

33. Within hours and minutes of Decedent's death, Decedent's condition was severe and obvious such that a reasonable person would know or should know that Decedent required immediate emergency medical intervention, in that Decedent had chest pain, pain in his arm, and

difficulty breathing prior to collapsing, seizing, and turning blue.

34. Upon information and belief, when medical personnel did arrive, Defendants NYC DOC OFFICERS 1-5 then unreasonably, grossly negligently, recklessly, intentionally, and/or carelessly interfered with the medical personnel's access to Decedent.

35. Despite LUSKI's grave condition and need for immediate emergency medical intervention, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 willfully, wantonly, and/or recklessly failed to provide access to adequate and proper medical treatment to the Decedent and moved in a deliberately slow manner, failing to render timely emergency aid.

36. Defendants NYC DOC OFFICERS 1-5 were deliberately indifferent to the life, health, safety, and well-being of LUSKI and failed to provide him with timely access to medical treatment, ignored requests for medication and medical assistance, including emergency medical assistance, made by LUSKI and other inmates on his behalf, despite the fact that they knew or should have known of his grave physical condition and urgent need for such treatment.

37. As a result of the foregoing, Defendants NYC DOC CORRECTION OFFICERS JOHN AND JANE DOES 1-5, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, and deprived Decedent of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

38. As a result of the foregoing, LUSKI suffered extreme pain and severe physical and psychological injuries, was deprived of a better opportunity to survive, and ultimately died.

39. As a result of the foregoing, Plaintiff ALEXANDRA LUSKI demands monetary

damages against Defendants NYC DOC OFFICERS 1-5 and is further seeking punitive damages against Defendants NYC DOC OFFICERS 1-5.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS NYCHHC EMPLOYEES AND AGENTS JOHN AND JANE DOES 1-5 & EMERGENCY MEDICAL TECHNICIANS JOHN AND JANE DOES 1-5

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

41. At all relevant times herein, Decedent was under the medical care of, was supposed to be under the medical care of, and was a patient of Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5.

42. During various times between April 30, 2016 and March 24, 2017, Decedent came under the diagnosis, care and treatment of Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 at MDC and OBCC, which were owned, operated, managed, maintained and controlled by Defendants CITY OF NEW YORK and NYCHHC and their agents, servants and/or employees

43. During various times, including between April 30, 2016 and March 24, 2017, LUSKI was required to remain in various locations at MDC and OBCC without proper or adequate medical treatment.

44. Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 exhibited a deliberate and flagrant indifference to the life and health of Decedent by failing to properly examine, diagnose, care for, and/or treat Decedent's life-threatening medical condition.

45. During his detainment, LUSKI complained of chest pain and shortness of breath,

yet he did not receive appropriate medical care, monitoring, testing, or medication to treat a potentially serious or life-threatening cardiac or cardiovascular condition.

46. During his detainment, on multiple occasions, LUSKI and inmates on LUSKI's behalf requested medical condition for LUSKI. Within hours of his death, LUSKI requested medical treatment for chest pain and shortness of breath.

47. Within approximately one hour of Decedent's death, upon information and belief, Decedent collapsed and began to seize in the dormitory at OBCC.

48. Inmates immediately requested emergency medical treatment for LUSKI; however, upon information and belief, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 had a delayed response to the dire medical emergency.

49. With hours and minutes of Decedent's death, Decedent's condition was severe and obvious such that a reasonable doctor or medical personnel would find it important and worthy of treatment, in that Decedent had chest pain, pain in his arm, and difficulty breathing prior to collapsing, seizing, and turning blue.

50. Despite LUSKI's grave condition and need for immediate emergency medical intervention, upon information and belief, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 willfully, wantonly, and/or recklessly failed to provide adequate diagnosis and treatment to Decedent LUSKI.

51. Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 were deliberately indifferent to the life, health, safety, and well-being of LUSKI and failed to provide him with timely access to medical treatment, and ignored requests for medication and medical assistance, including emergency medical assistance, made by LUSKI and other inmates on his

behalf, despite the fact that they knew or should have known of his grave physical condition and urgent need for such treatment.

52. As a result of the foregoing, Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, and deprived Decedent of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

53. As a result of the foregoing, LUSKI suffered extreme pain and severe physical and psychological injuries, was deprived of a better opportunity to survive, and ultimately died.

54. As a result of the foregoing, Plaintiff ALEXANDRA LUSKI demands monetary damages against Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 and is further seeking punitive damages against Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5.

## AS AND FOR A THIRD CLAIM OF NEGLIGENCE AGAINST ALL DEFENDANTS

55. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

56. Defendants owed a duty to Decedent, as an inmate incarcerated at MDC and OBCC, to provide him with a safe environment and adequate medical treatment.

57. Defendants NYC DOC OFFICERS 1-5 failed to provide Decedent with access to medical treatment by repeatedly denying requests for medication and medical assistance, despite

the fact that they knew or should have known of his grave physical condition and immediate need for such treatment.

58. Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5 failed to provide Decedent with adequate or proper medical treatment, testing, monitoring, and medication and failed to provide timely, adequate, or proper emergency medical care necessary to give Decedent an opportunity to survive, which ultimately caused his death.

59. Defendants' failure to provide Decedent with access to medical treatment in the days immediately preceding his death was both the actual and proximate cause of Decedent's injuries and ultimate death. But for Defendants' denial of medical treatment, Decedent's condition would not have deteriorated to the point of death. Furthermore, death or severe physical injury was a foreseeable result of Defendants' denial of medical treatment to Decedent because Decedent's condition was so severe that had chest pain and difficulty breathing for hours before he collapsed, began to seize, and turned blue.

60. As a result of the foregoing, Decedent suffered extreme pain, was deprived of an opportunity to survive, and suffered severe physical and psychological injuries, ultimately leading to his death.

61. Defendants CITY and NYCHHC, their agents, servants and/or employees, including Defendants NYC DOC OFFICERS 1-5, NYCHHC EMPLOYEES AND AGENTS 1-5, and EMTs 1-5, were negligent and careless in failing to treat and care for LUSKI in a careful and skillful manner; failing to use approved methods in general use in the care and treatment of LUSKI; failing to perform a complete medical workup and tests; failing to send Decedent to a hospital for medical treatment and failing to provide proper medical specialists; failing to continually medically monitor Decedent while he was incarcerated in general population; failing

to provide Decedent with needed medication; failing to provide proper and timely emergency medical care; failing to properly diagnose or make any continuing effort to diagnose and properly treat the condition from which Decedent was suffering (cardiac-related conditions); and in departing from known and accepted medical practices; and were otherwise negligent and careless. Defendants NYC DOC OFFICERS 1-5, NYCHHC EMPLOYEES AND AGENTS 1-5, and EMTs 1-5 were negligent in ignoring Decedent's continuing medical problems and the obvious signs that LUSKI was extremely ill and dying and were negligent in responding to a dire medical emergency.

62. Despite the alarming signs of fatal illness, imminent heart attack, and death, Defendant NYC DOC OFFICERS 1-5 failed to escort LUSKI to the medical clinic and failed to obtain medical assistance, including emergency medical assistance, for Decedent and were otherwise negligent in failing to care for the health and safety of Decedent.

63. Defendant CITY was negligent in its hiring, retention, training, and supervision of Defendant NYC DOC OFFICERS 1-5.

64. Defendant NYCHHC was negligent in its hiring, retention, training, and supervision of Defendants NYCHHC EMPLOYEES AND AGENTS 1-5 and EMTs 1-5.

65. Defendants CITY and NYCHHC and their agents, servants and/or employees, including Defendants NYCHHC EMPLOYEES AND AGENTS 1-5, and EMTs 1-5, failed to properly medically treat Decedent; failed to care for Decedent in accordance with the standards of care and treatment generally accepted in the medical community from April 30, 2016 until his death on March 24, 2017; failed to administer proper diagnostic tests; failed to provide proper medication and medical treatment; failed to use approved methods in general use and to use reasonable care and skill and to use their best judgment in the care and treatment of Decedent;

and failed to properly medically monitor Decedent as an inmate.

66. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, was deprived of an opportunity and better chance to survive, and was ultimately caused to die.

67. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against individually named Defendants NYC DOC OFFICERS 1-5, NYCHHC EMPLOYEES AND AGENTS 1-5, and EMTs 1-5.

## AS AND FOR A FOURTH CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST ALL DEFENDANTS

68. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

69. Decedent LUSKI suffered and died due to the acts or omissions of all Defendants named in the caption of this lawsuit, who failed to assist Decedent, failed to provide medical care, and failed to properly monitor, address, obviate, care for, examine, diagnose, and/or treat Decedent's life-threatening medical conditions prior to his death.

70. Decedent LUSKI experienced severe conscious pain and suffering as his physical condition deteriorated, from approximately April 30, 2016 until his death on March 24, 2017.

71. Decedent LUSKI experienced severe conscious pain and suffering and apprehension of impending death for hours, beginning the evening before his death and progressively worsening up to and including the moment of his death on March 24, 2017.

72. Decedent LUSKI is survived by his wife, Plaintiff ALEXANDRA LUSKI,

Administratrix of his estate, one infant child, and five adult children, for whom Decedent had provided, who have suffered damages including loss of support, pecuniary loss, loss of pecuniary value of Decedent's services, prospective earnings, society and comfort, care, guidance, and companionship, along with funeral and burial expenses and other such damages permitted by law.

73. As a consequence of the foregoing, Plaintiff ALEXANDRA LUSKI, as Administratrix of the Estate of ELI LUSKI, has been damaged in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages against all enumerated Defendants on counts Three and Four as determined by a jury;

b. Punitive damages against NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN AND JANE DOES 1-5, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION EMPLOYEES AND AGENTS JOHN AND JANE DOES 1-5, and EMERGENCY MEDICAL TECHNICIANS JOHN AND JANE DOES 1-5 on Counts One through Four as determined by a jury;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
November 30, 2017

Yours, etc.,
Giordano Law Offices, PLLC
**Attorneys for Plaintiff**

By: _____
Carmen Giordano, Esq. (CSG-3927)
226 Lenox Avenue
New York, NY 10027
(212) 406-9466